# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Lonnie Dean,**
**Respondent Below, Petitioner**

**vs) No. 15-0724** (Kanawha County 15-AA-33)

**West Virginia Office of Miners' Health, Safety, and Training,**
**Petitioner Below, Respondent**

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lonnie Dean, by counsel Susan J. Van Zant, appeals the Circuit Court of Kanawha County's July 8, 2015, order reversing the West Virginia Coal Mine Safety Board of Appeals ("Board") decision that in which petitioner challenged the permanent revocation of his mining certifications. Respondent, the West Virginia Office of Miners' Health, Safety, and Training ("OMHST"), by counsel Jack M. Rife, filed a response in support of the circuit court's order and a supplemental appendix.[1] On appeal, petitioner argues that the circuit court erred in reversing the Board's decision denying a petition for the permanent revocation of his mining certifications.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, respondent issued petitioner two mining certifications, one for surface coal truck driving and one for surface coal mining. Thereafter, petitioner failed a drug screen for marijuana during a pre-employment substance abuse screening. As a result, respondent immediately and temporarily suspended his mining certifications by letter dated October 18, 2014.

In April of 2014, petitioner entered into an agreement with the Board and successfully completed a sanctioned substance abuse treatment program. As such, his mining certifications were reinstated on May 13, 2014. Thereafter, in December of 2014, petitioner failed his second drug screen and, on January 8, 2015, respondent petitioned the Board to permanently revoke his mining certifications.

---

[1]Respondent also filed a corrected response.

1

In February of 2015, the Board conducted a hearing on respondent's petition. Respondent presented evidence establishing that petitioner failed two pre-employment drug screens, to which petitioner admitted. Petitioner testified, however, that the second drug screen failure was due to circumstances outside of his control. Petitioner's testimony was corroborated by a witness who testified that petitioner consumed marijuana brownies that he prepared, unbeknownst to petitioner. The Board found that petitioner established a plausible explanation of why he failed the second pre-employment drug screen and concluded that he mistakenly and involuntarily consumed marijuana. The Board held that, in order to permanently revoke petitioner's mining certifications, respondent must prove that petitioner failed the substance abuse screen and he had the intent to consume the prohibited substance.[2] Thereafter, respondent appealed the Board's decision to the Circuit Court of Kanawha County.

Following a review of the petition, briefs, and the record, the circuit court reversed the Board's decision by order dated July 8, 2015, concluding that, the Board's administrative order relied upon erroneous interpretations of the law. The circuit court found that petitioner failed two pre-employment drug screens in violation of West Virginia Code § 22A-1A-1(a)(1) and the West Virginia Code of State Rules § 56-19-6.4.1 and that the Board erred in finding that intent is an element pursuant to West Virginia Code §22A-1A-1 *et seq* and the West Virginia Code of State Rules § 56-19-1 *et seq*. The circuit court also found that, pursuant to West Virginia Code § 22A-1A-1 and the West Virginia Code of State Rules § 56-19-1, respondent simply needed to show that a certified individual, like petitioner, failed a substance abuse screen and is subject to decertification. The circuit court also determined that there are no recognized defenses to West Virginia Code § 22A-1A-1 *et seq* or the West Virginia Code of State Rules § 56-19-1 *et seq*, beyond a direct challenge to the results of the screen.

We have previously established the following standard of review:

> [o]n appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in [West Virginia] Code §29A-5-4(a) and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. Pt.1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996). Upon review of the record submitted on appeal, we find no error in the circuit court's decision below.

On appeal, petitioner argues that the circuit court erred in reversing the Board's decision denying the permanent revocation of his mining certifications. Specifically, petitioner contends that there was evidence to negate his intent to ingest marijuana and there was no evidence that the Board's findings were clearly wrong. Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find that the circuit court did not abuse its discretion in reversing the Board's ruling below.

---

[2]The Board's administrative order did not refer to any provision or rule contained in West Virginia Code §22A-1A-1 *et seq* or the West Virginia Code of State Rules § 56-19-1 *et seq* on which it relied to determine that the permanent revocation of mining certifications require the element of intent.

Petitioner argues that the West Virginia legislature gave the Board the "power to evaluate the charges and determine whether or not all of the elements of the violation exist" and it was within the Board's discretion to make a determination that respondent failed to "prove each and every element of the case as charged" because he did not intend to ingest marijuana. We disagree.

Pursuant to West Virginia Code § 22A-1A-1(a)(1),

[e]very employer of certified persons, as defined in section two, article one of this chapter, shall implement a substance abuse screening policy and program that shall, at a minimum, include: A [pre-employment], ten-panel urine test for the following and any other substances as set out in rules adopted by the Office of Miners' Health, Safety and Training: (A) Amphetamines; (B) Cannabinoids/THC; (C) Cocaine; (D) Opiates; (E) Phencyclidine (PCP); (F) Benzodiazepines; (G) Propoxyphene; (H) Methadone; (I) Barbiturates; and (J) Synthetic narcotics.

Additionally, West Virginia Code of State Rules §56-19-6.4.1 provides that if a "person tests positive on a urine test for any of the ten substances identified in Subsection 5.3 of this rule then he or she is deemed to have failed the test by the medical review officer." It is clear from the language of the rule that the only relevant inquiry is whether the certified individual tested positive for a prohibited substance. Neither the statute nor the rule require respondent to prove intentional consumption of marijuana. It is also clear from the record that the Board's administrative order did not refer to which provision in the West Virginia Code or the West Virginia Code of State Rules it relied on in making its determination that the rules required proof of intent to violate the statutes or rules. As such, we find that the circuit court did not abuse its discretion in reversing the Board's ruling below.

Our review of the record supports the circuit court's decision to reverse the Board's ruling based upon the specific finding that the Board erred in finding that intent was an element that respondent must prove in order to revoke petitioner's mining certifications. It is clear from the record that petitioner admitted to failing two drug screens, did not challenge the results of those drug screens, and respondent established that petitioner was subject to decertification pursuant to petitioner's violations of West Virginia Code § 22A-1A-1(a)(1) an West Virginia Code of State Rules §56-19-6.4.1. Accordingly, we find no error in the circuit court' decision to reverse the Board's ruling.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: June 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II